[Cite as *Nichols v. Nichols*, 2018-Ohio-1351.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| AMY NICHOLS, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2017-08-014 |
| | : | O P I N I O N |
| - vs - | | 4/9/2018 |
| | : | |
| KIRK NICHOLS, | : | |
| Defendant-Appellee. | : | |

APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DRA20140071

Mary E. King, 153 East Court Street, P.O. Box 70, Washington C.H., Ohio 43160, for plaintiff-appellant

Kirk Nichols, 1286 Arbuckle Road, London, Ohio 43130, defendant-appellee, pro se

**PIPER, J.**

{¶ 1} Plaintiff-appellant, Amy Nichols ("Mother"), appeals a decision of the Madison County Court of Common Pleas, Domestic Relations Division, deviating the child support amount owed by defendant-appellee, Kirk Nichols ("Father").[1]

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar and placed it on the regular calendar for purposes of issuing this opinion.

{¶ 2}   Mother and Father were married and had three children.  The parties later divorced, and agreed to split custody so that Mother had primary custody of one child and Father had primary custody of two children.  The parties also agreed that neither party would receive child support.

{¶ 3}   A month after reaching the agreement, Mother filed a motion to modify child support.  A magistrate held a hearing and ordered that Father's child support obligation remain at zero.  Mother objected to the magistrate's decision, and the trial court overruled Mother's objections.  Mother now appeals the court's decision regarding Father's child support obligation, raising the following assignment of error:

{¶ 4}   THE TRIAL COURT ERRED BY FAILING TO ORDER GUIDELINES CHILD SUPPORT.

{¶ 5}   Mother argues in her assignment of error that the trial court erred in ordering a downward deviation of Father's child support obligation to zero.

{¶ 6}   Whether a prior order for child support should be modified is within the sound discretion of the trial court, and its decision in that regard may be reversed on appeal only for an abuse of discretion.  *Kauza v. Kauza*, 12th Dist. Clermont No. CA2008-02-014, 2008-Ohio-5668, ¶10.  A trial court abuses its discretion if its decision is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

{¶ 7}   According to R.C. 3119.22, a trial court can order a child support order that deviates from the general guidelines if, after considering the relevant factors, the amount "would be unjust or inappropriate and would not be in the best interest of the child."  Pursuant to R.C. 3119.23, the factors for consideration include,

>    (A) Special and unusual needs of the children;
>
>    (B) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not

- 2 -

offspring from the marriage or relationship that is the basis of the immediate child support determination;

(C) Other court-ordered payments;

(D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;

(E) The obligor obtaining additional employment after a child support order is issued in order to support a second family;

(F) The financial resources and the earning ability of the child;

(G) Disparity in income between parties or households;

(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;

(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;

(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;

(K) The relative financial resources, other assets and resources, and needs of each parent;

(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;

(M) The physical and emotional condition and needs of the child;

(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;

(O) The responsibility of each parent for the support of others;

(P) Any other relevant factor.

{¶ 8} The trial court listed each of the forgoing factors for consideration and addressed the factors that were most pertinent to its determination that a downward deviation to zero was appropriate. The court first considered that Father agreed to pay 100 percent of all out-of-pocket medical expenses for the children. While Mother argues that the medical obligations do not deserve consideration because the children are covered by a state medical card, Father is nonetheless obligated to pay all out-of-pocket medical expenses when they arise. Father also agreed to prepay for medications required by one child who has asthma and ADHD.

{¶ 9} The record also establishes that Mother received $149,000 in cash after the divorce, as well as the marital residence and another property debt-free. Father also agreed to pay the mortgage on farm land he received in the divorce, as well as pay all marital bills. Father also paid balances on Mother's Visa and a store credit card totaling over $20,500. Moreover, the parties specifically agreed during divorce negotiations that neither party would pay child support to the other. After both parties agreed to split custody of the children, Father has primary custody of two children, while Mother has primary custody of one.

{¶ 10} The trial court determined that the guideline amount of almost $900 per month was unjust and inappropriate and was not in the best interests of the children. After reviewing the trial court's order, including the balancing of the relevant factors, we find no abuse of discretion in the trial court's decision. Mother's assignment of error is, therefore, overruled.

{¶ 11} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.